IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-487-BO-KS

| | | |
|---|---|---|
| TAUREAN SMALL,<br><br>Plaintiff,<br><br>v.<br><br>TALX CORPORATION/EQUIFAX INC. and SMITHFIELD FOODS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter comes before the Court on defendant Smithfield Foods, Inc.'s motion to dismiss for failure to state a claim. [DE 11]. Plaintiff has responded in opposition [DE 15] and defendant has replied [DE 21]. In this posture, the motion is ripe for disposition. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Taurean Small alleges the following in his amended complaint.

> Defendant TALX Corporation/Equifax Inc. obtained and furnished false employment information provided by Smithfield Foods, Inc. to a state agency, resulting in denial of Plaintiff's unemployment benefits. Defendants failed to follow reasonable procedures to assure maximum possible accuracy as required by 15 U.S.C. § 1681e (b). Upon Plaintiff's dispute, Defendants failed to conduct a reasonable reinvestigation and correct or delete the inaccurate information, in violation of 15 U.S.C. § 1681i(a) and § 1681s-2(b).

[DE 24-1, p. 4].

Plaintiff attached documents related to his unemployment benefits determination, including the North Carolina Department of Commerce Division of Employment Security's initial finding that plaintiff was disqualified for benefits and the subsequent reversal of that finding on appeal. [DE 1-1]; [DE 1-2]. Plaintiff "worked as a material handler" for Smithfield. [DE 1-2, ¶ 3].

He took a medical leave of absence from work; when he returned, his badge did not allow him entry to the worksite, so he attempted to enter through the main entrance. *Id.* at ¶¶ 4–8. The security guard would not let him through the main entrance, and plaintiff grew agitated. *Id.* at ¶¶ 9–10.

In Smithfield's account of this incident, which TALX allegedly provided to the unemployment agency, plaintiff then cursed at the security guard. [DE 1-1, pp. 1–5]. Accordingly, the agency concluded plaintiff was disqualified for benefits because he had been "discharged for misconduct connected with the work." *Id.* at p. 2. On appeal, however, the agency found,

> Based on the record evidence and facts therefrom, Claimant did not engage in a verbal altercation and did not use profanity, but rather Claimant began to state an expletive to his supervisor and then restrained himself. It has not been demonstrated that Claimant used profanity or inappropriate language towards another employee in violation of Employer's policies. Employer has not met the burden in showing that Claimant's conduct rose to the level of misconduct connected with the work. It is therefore concluded that Claimant WAS NOT discharged for misconduct connected with the work.

[DE 1-2, p. 4]. The Department of Commerce granted plaintiff unemployment benefits with a retroactive effective date of April 20, 2025. *Id.* at 5. Plaintiff presently asserts claims under the Fair Credit Reporting Act (FCRA) arising from the account of this incident which, on appeal, the unemployment agency rejected—that plaintiff cursed at the security guard and was subsequently fired for misconduct.

## DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**I. Leave to Amend**

The Court first addresses plaintiff's motion for leave to amend the complaint. [DE 24]. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

Plaintiff's proposed amended complaint alters none of the original complaint's factual allegations—the only change is plaintiff's additions to the list of federal statutes that "are at issue in this case." [DE 24-1, p. 3]. Plaintiff's motion for leave to amend the complaint is granted.

## II. The Court Treats the Motion to Dismiss as Against the Amended Complaint

An amended complaint replaces and supersedes the original complaint so that the original is of no effect. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017). When a motion to dismiss had been directed at the original complaint, and the original complaint is no longer in effect, the motion to dismiss may be deemed moot. Not every amended complaint, however, renders a motion to dismiss moot merely because the motion predated the amendment.

> The Court may—but is not required to—deny as moot a motion to dismiss filed before an amended complaint. "If some of the defects raised in the original motion remain in the new pleading, the court . . . may consider the motion [to dismiss] as being addressed to the amended pleading." Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990).

*Scott v. Nuvelle Fin. Servs., LLC*, No. CIV. WDQ-09-3110, 2010 WL 1710151, *3 (D. Md. Apr. 23, 2010). Where, as here, the amended complaint is subject to criticism on the same grounds as the original, and especially because plaintiff's amended complaint alters none of the factual allegations contained in the original, the Court may construe a motion to dismiss the original complaint as against the amended complaint.

## III. Defendant Smithfield's Motion to Dismiss

Plaintiff's amended complaint lists, as specific federal statutes at issue in this case, 15 U.S.C. §§ 1681e(b); 1681i(a); 1681s-2(b); 1681o; and 1681n. [DE 24-1, p. 3].

Section 1681e applies to consumer reporting agencies. "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C § 1681e. "Section 1681e(b) expressly applies to CRAs, and not to furnishers. Other courts have rejected attempts by plaintiffs to bring § 1681e(b) claims against furnishers." *Oyathelemi v. L.J. Ross Assocs.*, 2022 WL 4368156, 2022 U.S. Dist. LEXIS 171556, *15. Similarly, § 1681i

"applies to credit reporting agencies, not furnishers of information[.]" *Craighead v. Nissan Motor Acceptance Corp.*, 2010 WL 5178831, 2010 U.S. Dist. LEXIS 132123, *12–13.

Section 1681s-2(b), however, applies to furnishers of information to consumer reporting agencies. "After receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall . . . conduct an investigation with respect to the disputed information[.]" 15 U.S.C. § 1681s-2(b)(1)(A). The "FCRA imposes liability for negligent noncompliance with the Act, and it allows for enhanced penalties for willful violations." *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 417 (citing 15 U.S.C. §§ 1681n, 1681o).

"The term 'consumer reporting agency' means any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties[.]" 15 U.S.C. § 1681a(f). Defendant Smithfield is not a consumer reporting agency, and there is no allegation in the complaint suggesting otherwise. Therefore, any claims premised on § 1681e or § 1681i cannot prevail against Smithfield.

Smithfield is, however, a furnisher with respect to the information about plaintiff's termination, subject to the requirements of § 1681s-2(b). Three elements are essential to a FCRA claim under § 1681s-2(b): "(1) the plaintiff submitted a dispute over the accuracy of information on a credit report to a consumer reporting agency; (2) the agency notified the furnisher of that dispute; and (3) the furnisher failed to conduct a reasonable investigation to determine whether the disputed information can be verified." *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 249 (4th Cir. 2025) (cleaned up).

First, "notice by a consumer directly to the furnisher of the information does not trigger the furnisher's duties under section 1681s–2(b)." *Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 651 (E.D.N.C. 2014). Even if plaintiff had alleged he submitted a dispute directly to Smithfield, that would be insufficient to state a claim.

Plaintiff did challenge the characterization of his termination as "for misconduct" during the unemployment proceeding, and attached to his complaint certain filings he made with the Department of Commerce to that effect. [DE 1-3]. Plaintiff's submission to the Department of Commerce, however, is not a dispute submitted "to a consumer reporting agency" for purposes of the first element of a claim under § 1681-2(b). *See Roberts*, 131 F.4th at 249.

In response in opposition to Smithfield's motion to dismiss, plaintiff explains that he "mailed a sworn affidavit and supporting evidence" to TALX, which he contends triggered a re-investigation obligation under § 1681s-2(b). [DE 15, p. 2]. Even if this had been alleged in the complaint, it would be insufficient to state a claim. The documents he sent TALX were copies of the documents he filed with the Department of Commerce in relation to his unemployment claim. As Smithfield argues,

> Plaintiff's affidavits and other unemployment filings did not ask TALX/Equifax to reinvestigate the information in his consumer file. Instead, those affidavits and filings asked the Department of Commerce to reverse its decision on Plaintiff's unemployment compensation claim. Employees appeal denials of their unemployment compensation claims all the time – that does not mean that consumer reporting agencies have to reinvestigate the reasons for those terminations every time a consumer files an unemployment appeal.

[DE 21, p. 4].

Even construing plaintiff's transmission of his Department of Commerce filings to TALX as a dispute for purposes of § 1681s-2(b), plaintiff suffered no harm after this dispute because his appeal was successful. The Department of Commerce granted him unemployment benefits with a

retroactive effective date. The harm he suffered from the allegedly false report, therefore, must have occurred only at the initial denial of benefits, before he was successful on his appeal. Because plaintiff "cannot recover for harms that occurred prior to the violation, *i.e.,* prior to [Smithfield's] failure to conduct a reasonable investigation upon receipt of the disputes[,]" and because plaintiff prevailed in his appeal, he fails to state a claim. *Davenport v. Sallie Mae, Inc.*, 124 F. Supp. 3d 574, 582 (D. Md.), *aff'd,* 623 F. App'x 94 (4th Cir. 2015).

As for the third element of a § 1681s-2(b) claim, the complaint contains only a conclusory allegation that defendants "failed to conduct a reasonable investigation[.]" [DE 24-1, p. 4]; *Ramirez v. LVNV Funding*, No. 24-CV-2335-ABA, 2025 WL 1665388, at *8 (D. Md. June 12, 2025) ("The mere assertion that [defendant] did not conduct a thorough investigation without any other factual basis is conclusory"). "[A]llegations that parrot the statute [] are insufficient to state a claim under the FCRA § 1681s-2(b)." *Bryan v. Cap. One Bank (USA)*, No. 5:25-CV-780-FL, 2026 WL 607250, at *5 (E.D.N.C. Mar. 3, 2026), *report and recommendation adopted*, 2026 WL 2116692 (E.D.N.C. July 22, 2026).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend the complaint [DE 24] is GRANTED. Defendant Smithfield's motion to dismiss [DE 11] is granted. Plaintiff's motion for leave to file electronically [DE 18] is DENIED. Plaintiff's motion for a hearing [DE 27] is DENIED as MOOT.

SO ORDERED, this 25 day of August, 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE