IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-487-BO-KS

| | | |
|---|---|---|
| TAUREAN SMALL,<br><br>Plaintiff,<br><br>v.<br><br>TALX CORPORATION/EQUIFAX INC. and SMITHFIELD FOODS, INC.,<br><br>Defendants. | ) | ORDER |

This cause comes before the Court on plaintiff's motion for entry of Clerk's Default under Fed. R. Civ. P. 55(a) and defendant TALX Corporation's motion to dismiss. [DE 23]; [DE 33]. The appropriate responses and replies have been filed, or the time for doing so has expired, and in this posture the motions are ripe for disposition. For the reasons that follow, plaintiff's motion is denied and defendant Talx Corporation's motion is granted.

BACKGROUND

The Court incorporates by reference as if fully set forth herein the background of this action set out in its order entered August 25, 2026. [DE 36]. By its 25 August 2026 order, the Court granted plaintiff's motion to amend his complaint, considered defendant Smithfield Foods, Inc.'s (Smithfield) motion to dismiss as against the amended complaint, and granted Smithfield's motion to dismiss. *Id.* On the same day that the Court entered its order, defendant TALX Corporation (TALX) appeared by and through counsel and filed an opposition to plaintiff's motion for entry of default and a motion to dismiss plaintiff's original complaint. [DE 32]; [DE 33]. Though its motion to dismiss is addressed to the original complaint, TALX further argues that plaintiff's amended complaint suffers from the same deficiencies as his original complaint. *See* [DE 40] at 2 n.3.

## DISCUSSION

### I. Entry of Default

Plaintiff has moved for entry of Clerk's Default under Fed. R. Civ. P. 55(a). In general, this circuit has a strong preference that defaults be avoided and that matters are disposed of on the merits. *Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). TALX has now appeared in this action and moved to dismiss plaintiff's claims. TALX further contests that plaintiff's service of process was proper, arguing that the proper party-in-interest is Equifax Workforce Solutions and that TALX Corporation is a non-existent entity. [DE 32] at 4. In light of the procedural posture of the case and the circuit's preference that defaults be avoided, plaintiff's motion for entry of default is denied.

### II. Motion to Dismiss as against the Amended Complaint

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to '"discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (citation omitted).

On the same grounds as discussed in its prior order, the Court considers TALX's motion to dismiss as against the amended complaint. [DE 36] at 4. In his amended complaint, plaintiff alleges that TALX "obtained and furnished false employment information" that Smithfield had provided to a state agency, which resulted in the denial of plaintiff's application for unemployment benefits. [DE 37] § III. Plaintiff alleges that "Defendants failed to follow reasonable procedures to assure maximum possible accuracy" and "failed to conduct a reasonable reinvestigation and correct or delete the inaccurate information" after plaintiff disputed the information. *Id.* Plaintiff cites to 15 U.S.C. §§ 1681e(b), 1681i(a), and 1681s-2(b) as providing the statutory bases for his claims.

First, as discussed in its prior order, 15 U.S.C. § 1681s-2(b) applies to furnishers of information, not to credit reporting agencies like TALX.[1] Accordingly, this claim is dismissed as against TALX.

Section 1681e applies to consumer reporting agencies (CRA). "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report

---

[1] TALX has argued that it is not the real party-in-interest, that TALX is a non-existent entity, and that Equifax Workforce Solutions is the proper party-defendant. For ease of reference, the Court will continue to refer to TALX, the named defendant in this action. However, the Court agrees with TALX's argument that it is not the proper party-defendant and plaintiff has failed to demonstrate otherwise.

relates." 15 U.S.C § 1681e(b). Similarly, § 1681i "applies to credit reporting agencies, not furnishers of information[.]" *Craighead v. Nissan Motor Acceptance Corp.*, No. 1:10CV981 JCC JFA 2010 WL 5178831, at *5 (E.D. Va. Dec. 14, 2010).

Plaintiff has failed to state a claim under § 1681e against TALX. In order to plausibly allege negligent noncompliance with § 1681e(b), a plaintiff must allege that "(1) inaccurate information was included in [the] consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Spitzer v. Trans Union LLC*, 140 F. Supp. 2d 562, 564 (E.D.N.C. 2000). Plaintiff's allegations supporting his § 1681e claim, and indeed each of his claims, are bare and conclusory. Plaintiff alleges that TALX obtained and furnished false information and that it failed to follow reasonable procedures. These are, at bottom, legal conclusions which the Court need not accept as true. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). As plaintiff has failed to plausibly allege any facts which would support a finding that TALX did not follow reasonable procedures, this claim is properly dismissed. *See Waller v. Experian Info. Sols., Inc.*, No. CV GLR-23-1960, 2024 WL 3555344, at *4 (D. Md. July 24, 2024).

Plaintiff has further failed to plausibly allege a violation of § 1681i. When a consumer disputes the accuracy of information contained in his file and notifies the CRA, 15 U.S.C. § 1681i imposes a duty on the CRA to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information[.]" 15 U.S.C. § 1681i(a)(1)(A). To state a claim under § 1681i, the plaintiff must allege "'that he brought inaccurate or incomplete information in his file to the attention of a consumer reporting agency which then failed to reasonably reinvestigate the disputed information.'" *Craighead*, 2010 WL

5178831, at *5 (citation omitted); *see also Keller v. Experian Info. Sols., Inc.*, No. 1:23CV409, 2024 WL 1349607, at *4 (M.D.N.C. Mar. 30, 2024). Plaintiff alleges only that TALX failed to conduct a reasonable reinvestigation on plaintiff's dispute, which is conclusory. Plaintiff has failed to allege any facts which support his reinvestigation claim. For example, plaintiff has failed to plausibly allege facts which would support that he filed a dispute directly with TALX "or indirectly through a reseller[.]" 15 U.S.C. § 1681i(a)(1)(A).

Finally, as the Court has already determined, plaintiff has failed to plausibly allege any injury as a result of any alleged failure to reinvestigate, as the documents attached to plaintiff's original complaint show that plaintiff appealed the denial of unemployment benefits, the denial of benefits was reversed, and plaintiff was awarded unemployment benefits. *See* [DE 36] at 6-7. Plaintiff has attempted to allege new harms in his opposition to the motion to dismiss that are not pleaded in his amended complaint, but it is well established that a party may not amend his complaint through his opposition to a motion to dismiss. *See Rhoads v. Guilford Cnty., N. Carolina*, 751 F. Supp. 3d 590, 608 n.14 (M.D.N.C. 2024), *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 757 (D. Md. 2015). For the reasons discussed above, in the Court's prior order, and in TALX's memoranda in support of its motion to dismiss, [DE 34]; [DE 40], plaintiff has failed to plausibly allege that TALX violated the FCRA. Plaintiff's claims in his amended complaint against TALX are therefore properly dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for entry of default [DE 23] is DENIED and defendant TALX's motion to dismiss [DE 33] is GRANTED. The motion to withdraw as attorney [DE 29] is also GRANTED.

As the claims against Smithfield Foods have already been dismissed [DE 36], no claims in plaintiff's amended complaint remain for adjudication against either defendant. The Clerk is therefore DIRECTED to enter judgment in favor of defendants and against plaintiff. The Clerk shall then close the case.

SO ORDERED, this 22 day of September 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE